IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHAD STONE,<br>  *Plaintiff*<br><br>v.<br><br>COMMUNITIES FOR RECOVERY,<br>  *Defendant* | §<br>§<br>§<br>§  1:24-CV-00685-DII-SH<br>§<br>§<br>§ |

## ORDER

Before the Court are Plaintiff's Motion for Redaction (Dkt. 2), Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 3), and Motion to Appoint Counsel (Dkt. 4), all filed June 17, 2024. The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for cases assigned to Austin Docket II. Dkt. 5.

### I.  Motion to Proceed *In Forma Pauperis*

After reviewing Plaintiff's Financial Affidavit, the Court finds that Plaintiff cannot pay the filing fee and grants him *in forma pauperis* status. This status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.  Section 1915(e)(2) Review

Because Plaintiff has been granted leave to proceed in forma pauperis, the Court is required by standing order to review his Complaint under 28 U.S.C. § 1915(e)(2). A district court may summarily dismiss a complaint filed in forma pauperis if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Plaintiff alleges that he suffers from a disabling anxiety disorder and that his former employer, Communities for Recovery, discriminated against him in violation of the Americans with Disabilities Act. The Court finds that Plaintiff's allegations are sufficient at this stage of the case to avoid dismissal for frivolousness under § 1915(e)(2)(B). This Magistrate Judge does not recommend that the District Court dismiss this case under § 1915(e)(2)(B).

## III.  Motion for Redaction

Plaintiff asks the Court to "retract[] from public view and from opposing Counsel/Defendants" any mention of his "places of employment" in his pleadings. Dkt. 2 at 1. The Fifth Circuit Court of Appeals has stated that "courts should be ungenerous with their discretion to seal judicial

records" and that "the working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021). The party seeking to seal public records has the burden to show "why the public's presumptive right of access is subordinated." *Id.* at 421. Plaintiff does not explain why the pleadings should be redacted from Defendant or the public. Because he fails to show good cause for the redaction, Plaintiff's Motion for Redaction is **DENIED**.

### IV. Motion for Appointment of Counsel

Plaintiff asks this Court to appoint counsel because he has been unable to find anyone to represent him in this matter.

A pro se plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court is "not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment." *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include (1) the type and complexity of the case; (2) the plaintiff's ability adequately to present and investigate his case; (3) the presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) the likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the trial and assisting in just determination. *Id.*

The Court finds that Plaintiff has not shown that exceptional circumstances warrant appointment of counsel at this time. The issues presented in this disability discrimination case do not appear to be particularly complex, and Plaintiff has adequately and coherently litigated his case thus far in the proceedings. Because Plaintiff has not presented exceptional circumstances to warrant the appointment of counsel, his Motion to Appoint Counsel (Dkt. 4) is **DENIED**.

## V. Conclusion

The Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Paup*eris (Dkt. 3) and **ORDERS** Plaintiff's Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). The Court **FURTHER ORDERS** that the Clerk issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee.

The Court **FURTHER ORDERS** that Plaintiff's Motion for Redaction (Dkt. 2) and Motion for Appointment of Counsel (Dkt. 4) are **DENIED**.

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable District Court.

**SIGNED** on July 1, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE